DECISION OF DISMISSAL
This is an appeal brought by the Yamhill County Assessor seeking to overturn the decision of the county board of property tax appeals (BOPTA), which lowered the value of Defendant's property for the 2008-09 tax year. The subject property is identified in the assessor's records as Account 541756.
Plaintiff filed the appeal April 16, 2009. By its Complaint, Plaintiff requested that the court "sustain[]" the assessor's original real market value (RMV) of $243,381.[1] (Ptf's Compl at 1.)[2] Defendant filed an Answer requesting that the court "[r]educe the assessed real market value to $32,153." (Def's Answer at 1.)
The court held two case management hearings by telephone, one in September 2009, and another in March 2010. During the March 2010 proceeding, the court calendared the appeal for trial on May 19, 2010. Several weeks before the trial, Defendant submitted a written request for postponement of that trial, and Plaintiff responded in writing concurring with that request. Accordingly, the court granted the request for postponement. *Page 2 
The court then held another telephone case management hearing in July 2010. In August 2010, the court scheduled the matter for trial, to be held in the courtroom of the Oregon Tax Court November 29, 2010. The court also granted Plaintiff's request for the production of certain documents. The court issued an Order to that effect on August 23, 2010.
On November 12, 2010, the court received another request from Defendant asking that the court postpone the November 29, 2010, trial. On November 16, 2010, the court received a letter from Plaintiff stating that it had "no objection to the court rescheduling the hearing in order to give Mr. Hopp adequate time for preparation[.]" (Ptf's Ltr at 1, Nov 16, 2010.) On November 19, 2010, the court issued an Order Denying Postponement of Trial.
On Friday, November 26, 2010, the last business day before the trial, the court received Plaintiff's trial exhibits. Defendant did not submit any exhibits.
The court convened the trial Monday, November 29, 2010. Prior to the commencement of that trial (i.e., opening statements or witness testimony), the court advised Plaintiff that its exhibits were not submitted in a timely fashion under Tax Court Rule-Magistrate Division (TCR-MD) 10 C(1). That rule provides in relevant part: "[u]nless otherwise set by the court, all exhibits must be either postmarked at least 14 days before the trial date or physically received at least 10 days before the trial date." TCR-MD 10 C(1).
Defendant objected to the use of Plaintiff's exhibits, because he had not had sufficient opportunity to review those exhibits. Defendant moved for dismissal of the appeal. The court excluded the exhibits as a form of sanction authorized by TCR-MD 10 D. *Page 3 
After excluding Plaintiff's exhibits, the court asked Plaintiff's representatives whether and how they wished to proceed without any evidence. Plaintiff's "representative"[3] Rob Graper (Graper) indicated that he was aware of certain facts concerning a building moratorium (presumably affecting the subject property) and a court decision related to moratoriums. However, Graper conceded that without specific value evidence, which was presumably included in the untimely exhibits excluded by the court, he would be unable to meet the burden of proof. Accordingly, the court granted Defendant's motion to dismiss. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed; and
IT IS FURTHER DECIDED that the tax year 2008-09 values set by the county board of property tax appeals for Account 541756 shall remain unchanged.
Dated this ___ day of November 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinsonon November 30, 2010. The Court filed and entered this documenton November 30, 2010.
[1] According to the BOPTA Order, the county assessor found an RMV of $243,111.
[2] BOPTA had not only reduced the RMV (from $243,111 to $94,361) to also reduced the exception RMV from $115,721 to $94,361, and the maximum assessed value (MAV) and assessed value (AV) to $44,916 (from $115,721). (Ptf's Compl at 2.)
[3] Rob Graper (Graper), the individual referred to as the "representative," is an employee with the Yamhill County Assessor's office. Although Graper had participated in most, if not all, of the proceedings leading up to the trial, the court did not receive a written authorization to represent identifying Graper as a representative for the assessor.